IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00534-MSK-MEH

TOMMY ALEXANDER, SR.,

    Plaintiff,

v.

C. DANIELS, Warden,

    Defendant.

_____

**OPINION AND ORDER DENYING PETITION FOR WRIT OF *HABEAS CORPUS***
_____

**THIS MATTER** comes before the Court pursuant to Mr. Alexander's[1] Petition for a Writ of *Habeas Corpus* **(# 3)** pursuant to 28 U.S.C. § 2241, and the Respondent's response **(#11)**.

Mr. Alexander is an inmate of the Federal Bureau of Prisons ("BOP"). On or about May 30, 2008, while an inmate at the United States Penitentiary in Lewisburg, Mr. Alexander was involved in an incident in which a number of inmates staged a demonstration to air certain complaints. Mr. Alexander contends that although he was merely a bystander, not a participant

---

[1] Mr. Alexander pursues this action *pro se*. As a result, the Court construes his filings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Alexander of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat him according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

in the demonstration, he was nevertheless charged with disciplinary violations, found guilty by a Hearing Officer, and subjected to disciplinary segregation, loss of good conduct time, and loss of certain privileges. He brings two claims relating to this incident: (i) that he was "actually innocent" of the charges against him, and that the Hearing Officer erred in discounting statements from other inmates exculpating Mr. Alexander of involvement; and (ii) that he was denied procedural Due Process by the Hearing Officer, in that "there was no independent evaluation of [the evidence at] the hearing," and that the Hearing Officer was "not impartial."

The Respondent contends that this Court lacks jurisdiction to consider Mr. Alexander's Petition because the only redressible aspect of his disciplinary conviction is the loss of good conduct time. The Respondent explains that because Mr. Alexander is serving a life sentence, he "does not accumulate good conduct time." Although the Court finds that contention superficially accurate, it notes that there is some ambiguity in the record on this point.

The Respondent credibly demonstrates that Mr. Alexander is indeed serving a life sentence and that the BOP thus does not award good conduct time to him. On the other hand, the record is unambiguous that the Hearing Officer nevertheless imposed a loss of good conduct time against Mr. Alexander as a punishment. The Respondent does not offer any explanation as to why the Hearing Officer might choose to punish an inmate by handing down a completely irrelevant and ineffectual sanction, which, in turn, warrants an inference that the deprivation of good conduct time was intended by the Hearing Officer to have some effect. Whatever that effect might be would arguably be redressible by a favorable ruling on Mr. Alexander's Petition.

Moreover, the Respondent has not clearly demonstrated that Mr. Alexander's disciplinary conviction, if allowed to stand, would not be considered by subsequent Hearing

Officers or other authorities in other proceedings and contexts. If the conviction has the potential to factor adversely into future decisionmaking involving Mr. Alexander, it may be appropriate for Mr. Alexander to seek redress of a procedurally-defective conviction via this proceeding. Thus, although the Court has significant doubts as to its jurisdiction over this matter, it will nevertheless proceed to consider Mr. Alexander's claims on the merits.

Prison inmates faced with disciplinary charges enjoy a circumscribed right to Due Process with regard to those charges. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). To satisfy the Due Process clause, the inmate must receive advance notice of the charges; the opportunity, when possible, to call witnesses and present documentary evidence in his defense; and a written determination stating the Hearing Officer's reasons for his or her decision. *Id.* In addition, the inmate is entitled to require that the Hearing Officer's determination be "supported by some evidence in the record." *Id.* The "some evidence" requirement does not require this Court to examine the entire hearing record, to make an independent examination of the credibility of witnesses, or to re-weigh the evidence; rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached." *Id.* at 455-56.

Mr. Alexander's first contention – that he is "actually innocent" of the charges against him – effectively constitutes a challenge to the sufficiency of the evidence offered against him at the hearing. Mr. Alexander was convicted of violating Disciplinary Code 299/212, Engaging in Disruptive Conduct. The Hearing Officer's post-hearing report indicates that Mr. Alexander testified in his own defense about the incident, and that the Hearing Officer also considered statements favorable to Mr. Alexander by other inmates who witnessed the event. On the other hand, the Hearing Officer also had evidence, in the form of the Incident Report, that prison staff

had reported that "six inmates [including Mr. Alexander] refused to leave the outdoor recreation pens" when instructed.[2] An Incident Report alone can constitute "some evidence" sufficient to support a Hearing Officer's determination. *See Ruelas v. Zuercher*, 240 Fed.Appx. 796, 797 (10th Cir. 2007) (unpublished); *Longstreth v. Franklin*, 240 Fed.Appx. 264, 267 (10th Cir. 2007) (unpublished). Accordingly, Mr. Alexander's contention that there was insufficient evidence to justify the Hearing Officer's determination is without merit.

Mr. Alexander's remaining contention is somewhat vague, apparently contending that the Hearing Officer did not provide him with an unbiased review of the evidence. The Due Process clause provides inmates with a right to an impartial Hearing Officer to preside over disciplinary charges. To be "impartial" for purposes of the Due Process clause, the Hearing Officer must not have been "involved in the investigation of prosecution of the particular case," or otherwise have any "personal involvement" in the charges, other than his or her role as Hearing Officer. *See Diaz v. McGuire*, 154 Fed.Appx. 81, 84 (10th Cir. 2005) (unpublished), *citing Wolff v. McDonnell*, 418 U.S. 539, 592 (1974) (Marshall, J. concurring). Mr. Alexander does not contend that the Hearing Officer ran afoul of this standard or that he was otherwise involved in the charges being brought against Mr. Alexander. Rather, Mr. Alexander's complaint appears to

---

[2]The Hearing Officer weighed the staff members' reports against Mr. Alexander's evidence and concluded that Mr. Alexander's evidence was less credible. Among other things, the Hearing Officer discredited Mr. Alexander's contention that he would have obeyed staff members' instructions to leave the recreation cage but was prevented from doing so by other inmates. The Hearing Officer found this testimony incredible, insofar as Mr. Alexander admitted (and another inmate witness corroborated) that the other inmates did not physically block the exit to the cage or expressly instruct him not to leave. The Hearing Officer also found the statements of other inmate witnesses unpersuasive, in that each witness gave mutually inconsistent testimony, each claiming to be the only individual who physically blocked the exit to the cage.

be of the generic nature that the Hearing Officer simply "got it wrong" when choosing to credit the Incident Report over Mr. Alexander's evidence. This Court's function is not to second guess the Hearing Officer or attempt to re-weigh the evidence. *Hill*, 472 U.S. at 454. Because the Hearing Officer's conclusion is consonant with at least some evidence in the record, and there is no evidence of the Hearing Officer having personal involvement with the bringing of charges against Mr. Alexander, Mr. Alexander has not shown that he is entitled to relief.

Accordingly, the Petition **(# 3)** is **DENIED**.[3] The Clerk of the Court shall enter judgment and close this case.

Dated this 8th day of November, 2010

BY THE COURT:

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge

---

[3] It is not clear to the Court whether 28 U.S.C. § 2253 requires the issuance of a Certificate of Appealability before Mr. Alexander may seek review of this ruling. To the extent such a Certificate is necessary, the Court has considered the standards of *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and finds that Mr. Alexander has not made a substantial showing of the denial of a constitutional right such that reasonable jurists could disagree as to the disposition of his petition. Accordingly, the Court also denies a Certificate of Appealability.